

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00235-CR

---

CHRISTI GAIL CATHEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 413th District Court
Johnson County, Texas
Trial Court No. F47250, Honorable William C. Bosworth, Presiding

---

April 12, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Christi Gail Cathey, appeals the trial court's judgment revoking her community supervision and sentencing her to prison for possessing a controlled substance. She had been convicted of the offense and sentenced earlier. However, the trial court suspended the sentence and placed her on community supervision. Subsequently, the State moved to revoke her supervision because she allegedly violated various conditions of same. The trial court scheduled a live hearing on the motion, changed its mind, set the motion for hearing a week sooner, and directed that it be

conducted via Zoom, i.e., a service through which live meetings may be held via the internet. When the hearing began, appellant moved for a continuance and also objected to adjudicating the motion through Zoom. The trial court denied the former and overruled the latter. And, upon hearing evidence which included appellant's confession evincing that she had committed another criminal offense, it granted the motion and sentenced her to eight year's imprisonment. She now proffers three issues dealing with the sufficiency of the evidence underlying the decision to revoke, hearing the motion through Zoom, and the denial of a continuance. We affirm.[1]

*Issue Three – Insufficient Evidence*

Though it is appellant's third issue, we address her sufficiency argument first. Allegedly, the trial court had insufficient evidence before it upon which to find she violated a condition of her community supervision. We overrule the issue.

One condition of appellant's supervision consisted of forgoing the commission of other crimes. The State said she violated it and other conditions. The accuracy of the allegation was confirmed through appellant's own confession. She admitted to driving an individual to buy "dope" at various times around April 24, 2020. This occurred after having had her sentence suspended and being placed on community supervision. The circumstance made her a party to another's possession of a controlled substance. *See* TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011) (stating that one is criminally responsible for an offense committed by the conduct of another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts

---

[1] Because this appeal was transferred from the Tenth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

2

to aid the other person to commit the offense"). Moreover, proving one violation of the conditions of probation was enough to support revocation. *Busby v. State*, No. 07-20-00001-CR, 2021 Tex. App. LEXIS 1891, at *5 (Tex. App.—Amarillo Mar. 11, 2021, no pet. h.) (mem. op., not designated for publication).

*Issue One – Zoom Hearing*

In her first issue, appellant contends that her constitutional right to confront witnesses and to the effective assistance of counsel was denied her by conducting the hearing via Zoom. So conducting the hearing per an emergency order of the Texas Supreme Court also allegedly violated the precept of separation of powers. We overrule the issue.

The substance of appellant's right-to-confront complaint consists of the absence of opportunity to confront her accusers in person. *See Haggard v. State*, 612 S.W.3d 318, 324 (Tex. Crim. App. 2020) (recognizing that the Confrontation Clause protects a criminal defendant's right to physically confront those who testify against him). Assuming *arguendo* that the right to confront witnesses applies to revocation proceedings, *see Taylor v. State*, No. 09-19-00171-CR, 2020 Tex. App. LEXIS 8669, at *19–20 (Tex. App.—Beaumont Nov. 4, 2020, no pet.) (mem. op., not designated for publication) (holding that it does not), the "denial of physical, face-to-face confrontation is reviewed for harmless error." *Haggard,* 612 S.W.3d at 328. Additionally, the harm analysis does not "include consideration of whether the witness' testimony would have been unchanged, or the jury's assessment unaltered, had there been confrontation." *Id.* Rather, harm is determined based on the remaining evidence. *Id.* If nothing else, the remaining evidence includes appellant's confession alluded to above and damning admissions. Given it and

them, we cannot say, beyond reasonable doubt, that the purported Sixth Amendment violation contributed to the result. *See id.* (stating that constitutional error is harmful unless a reviewing court determines beyond a reasonable doubt that the error did not contribute to the conviction).

As for the allegation concerning the denial of effective assistance of counsel, it too is based on the court's decision to conduct the hearing via Zoom. The indicia evincing such a denial consisted of the purported inability to converse with appellant, the inability to accurately assess a witness's demeanor, the inability to obtain the report from which a witness was reading due to the logistics of being in different locations, and "glitches" inherent in meetings conducted over the internet. Regarding the report from which the witness was reading, we find nothing of record illustrating that it could not be sent to appellant's counsel during the hearing had he asked for it.

Nor does the record illustrate that the "glitches" affected appellant's defense or her ability to exam witnesses in any substantive way. They may have been frustrating, but frustration is the byword in these times of growing technology.

That appellant may not have been able to communicate with her attorney may be significant had the record established the allegation. Instead, it illustrated that the trial court had the means to place her and her legal counsel in a separate room, so to speak, in which they could converse in private. That opportunity was also extended to appellant and her counsel by the trial court. Neither sought it. Given all of the foregoing, we cannot say either that appellant was denied the effective assistance of counsel or that any supposed denial caused harm.

As for the allegation that conducting a hearing via Zoom by order of the Supreme Court violated separation of powers, that argument went unmentioned below. Thus, it was not preserved for review. Moreover, and contrary to appellant's suggestion, the Texas legislature enacted a statute authorizing the Texas Supreme Court to modify or suspend procedures applicable to court proceedings. *See* TEX. GOVT CODE ANN. § 22.0035(b) (West Supp. 2020) (stating that "[n]otwithstanding any other statute, the supreme court may modify or suspend procedures for the conduct of any court proceeding affected by a disaster during the pendency of a disaster declared by the governor"). The Texas governor had declared such a disaster, and the Supreme Court acted in response to it.

*Issue Two – Continuance*

The last issue we address is appellant's complaint about being denied a continuance. It was sought because the trial court rescheduled the hearing to occur one week earlier than the previous setting. So too had the State recently indicted her for drug offenses which offenses (and facts underlying them) would be used as basis to revoke her probation. Appellant's counsel sought time to investigate them and otherwise prepare. Denying a continuance under those circumstances constituted an abuse of discretion resulting in harm, purportedly. We overrule the issue.

Assuming *arguendo* that rescheduling the hearing for an earlier date constituted an abuse of discretion, *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007) (stating that we review a trial court's ruling on a motion for continuance for abused discretion), we find no harm. Appellant's counsel had been appointed on June 17, 2020, which was at least one month before the July 23rd hearing. And, though he sought,

5

through the motion, additional time to prepare, we were directed to and found nothing of record suggesting what additional preparations reasonably could have been done. Instead, we are left to speculate on them and their likelihood, if any, of affecting the outcome, which speculation we cannot engage. *Henderson v. State*, No. 14-18-00926-CR, 2020 Tex. App. LEXIS 7868, at *16–17 (Tex. App.—Houston [14th Dist.] Oct. 1, 2020, no pet.) (mem. op., not designated for publication) (noting that Henderson failed to identify a witness who might have been called to testify, evidence that might have been offered, or information that might have been beneficial to his case and stating that speculation, without any demonstration of actual harm, is insufficient to establish that the trial court reversibly erred in denying appellant's pretrial motion for continuance).

The record also illustrates that the State's amended motion to revoke was filed on June 9, 2020, and the hearing held about six weeks later. It references various of the acts for which appellant would be indicted later. So, despite the rescheduled July 23, 2020 hearing date, appellant's counsel had more than ten days 1) prior notice of the motion and 2) to prepare to address the allegations therein. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051 (e) (West Supp. 2020) (stating that appointed counsel is entitled to 10 days to prepare for a proceeding).

Also of import is the quantum of evidence establishing that she violated a condition of her supervision. *See Williams v. State*, No. 05-19-00664-CR, 2020 Tex. App. LEXIS 3496, at *9 (Tex. App.—Dallas Apr. 24, 2020, no pet.) (mem. op.) (stating that in determining harm, the court considers everything in the record, "including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be

6

considered in connection with other evidence in the case"); *accord Motilla v. State,* 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (stating the same).  As illustrated earlier, the evidence of a violation is rather overwhelming.

In sum and irrespective of whether we condone the trial court's decision to reschedule the hearing for an earlier date and thereby reduce the period available to appellant to prepare her defense, we fail to see how it affected a substantial right of hers. Finding such an affect is a prerequisite to finding harm authorizing reversal.  *See Williams*, 2020 Tex. App. LEXIS 3496, at *7–8 (stating that we disregard the error unless it affected appellant's substantial rights and a substantial right is affected if: 1) the error has a substantial and injurious effect or influence in determining the jury's verdict or 2) leaves one in grave doubt whether it had such an effect).

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.

7